854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Lyn NEAL, a/k/a Lyn Neal, Defendant-Appellant.
 No. 87-5677.
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1988.
Decided July 29, 1988.
 
 Robert Crawford Ervin for appellant.
 Kenneth Davis Bell, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 A conviction for activities associated with cocaine has been appealed by Harry Lyn Neal on three grounds. First, he objects to admission of a co-conspirator's guilty plea. It is not disputed that such an admission would be improper under other circumstances. See United States v. McLain, 823 F.2d 1457, 1465 (11th Cir.1987). In the instant case, however, there was a fair or invited response basis for justifying introduction by the prosecution. See United States v. Robinson, 108 S.Ct. 864, 869-70 (1988); United States v. Bryza, 522 F.2d 414, 425 (7th Cir.1975), cert. denied, 426 U.S. 912 (1976). During the defendant's case-in-chief, he had sought to use one co-defendant's acquittal to bolster his arguments favoring acquittal for himself. In order to counterbalance the unfair implication created by this evidence, the government was entitled to show that another co-defendant had pleaded guilty. While it is often asserted that two wrongs do not make a right, here the wrongs were initiated by the defendant's actions, and the evidence now complained of was a fair or invited response.
 
 
 2
 Neal's second objection is that there were errors or inadequacies in the jury instructions. In the first place, because of the strictures of Fed.R.Crim.P. 30 against assignment of error where an objection was not made at the trial level, Neal must advance a claim of plain error. Fed.R.Crim.P. 52(b). A review of the instructions actually given indicates that they did sufficiently apprise the jury of the elements of the crimes charged. There was no plain error.
 
 
 3
 For his third objection, Neal argues that certain statements made by him after he had requested and had spoken to an attorney should not have been introduced during trial because the statements were elicited in violation of the Fifth Amendment.
 
 
 4
 In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court held that:
 
 
 5
 If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning.
 
 
 6
 Id. at 474 (emphasis added). A defendant is not subject to further interrogation unless he knowingly and intelligently waives the right by initiating further discussions with the police. Edwards v. Arizona, 451 U.S. 477, 484-87 (1981). The mere fact that the individual responds to further interrogation does not establish a valid waiver. Id.
 
 
 7
 The fact that Miranda was violated in the instant case is not susceptible to doubt. Neal was interrogated while in custody, see Rhode Island v. Innis, 446 U.S. 291, 301 (1980), and there is no evidence in the record that he had knowingly and intelligently waived his rights. See Edwards, 451 U.S. at 486-87. There occurred a violation of the Fifth Amendment under Miranda and apparently as well a violation of the defendant's Sixth Amendment right to counsel. See Brewer v. Williams, 430 U.S. 387, 401 (1977); Massiah v. United States, 377 U.S. 201, 206 (1964).
 
 
 8
 The improperly admitted evidence included statements made by Neal suggesting that he knew of the corruption in the Sheriff's department. Neal also commented during interrogation that he had expected something to come down after co-conspirator Eddie Franklin's arrest. The most incriminating statements were made when Officer Frye and the defendant interrupted the trip to the jail to eat at a restaurant. Neal allegedly stated that "I told you you wouldn't find any cocaine in the house." He continued to say that "I wouldn't look you straight in the eye and tell you a lie." When Officer Frye challenged the defendant's denial of ever selling cocaine before, Neal allegedly stated that "I didn't look you straight in the eye and tell you that."
 
 
 9
 The government attempts to minimize any adverse effects of that violation on the grounds that Neal, one day after his arrest, had stated: "What really upsets me about this indictment is, I haven't done anything in the past six months." The statement was made spontaneously, so the district court did not err in admitting it. The government argues that the guilt of Neal was so laid bare by the properly admitted statement and by other evidence that the improperly admitted statements did not contribute to the verdict. The government urges us to affirm the conviction on the basis of harmless error. See Chapman v. California, 386 U.S. 18, 24 (1967). We disagree.
 
 
 10
 The claim by Neal that he had not done anything in the past six months was sufficiently ambiguous so that it cannot be said, with any degree of certainty, that the improperly admitted statements did not contribute to the verdict obtained. The remark about the consequences of not looking "you straight in the eye" may have substantially increased the jury's belief that there was guilt beyond a reasonable doubt. Accordingly, the case is reversed and remanded for a new trial.
 
 
 11
 REVERSED.